**HART et al. v. JOHNSON.**

Court of Appeals of Kentucky.

Oct. 30, 1953.

Charles Wylie, Scott Reed, Brown & Miller, Lexington, Ky., for appellants.

H. Hamilton Rice, Lexington, for appellee.

MILLIKEN, Justice.

This is an action by C. X. Johnson to recover attorney's fees for services rendered the appellants in defending them in an action in the Letcher Circuit Court. The case was tried before a jury, who fixed the reasonable value of his services at $3,000, plus $150 out-of-pocket expenses. The principal question on this appeal is whether the verdict is excessive in the light of the evidence.

In December, 1947, the appellants, partners in a coal mining venture, were sued by some of their employees, members of the U. M. W., for the difference between wages they had received and the wages due them under an alleged contract with the appellants. They sued for $82,287.44, but as the case developed the ultimate amount in controversy was $6,778.89. The appellants employed Mr. Johnson of the Fayette County bar and Mr. Steve Combs of the Letcher County bar to represent them. Mr. Johnson filed a motion to compel the employees to produce the contract and a general demurrer. The contract was never filed—the attorneys representing the employees never appeared to argue the demurrer—and neither side ever filed a brief. The court sustained the demurrer, the employees declined to plead further, the petition was dismissed, and that ended the litigation.

The appellants paid Mr. Combs' bill for $200 for attorney's fees, but they refused to pay Mr. Johnson's bill for $2,500. Thereafter, Mr. Johnson instituted the present action in the Fayette Circuit Court, seeking $7,500 as attorney's fees. Mr. Johnson testified that he had every reason to believe that the contract would be filed with the petition in the Letcher Circuit Court action, and that he was prepared to try the case. He also testified that he had spent 300 reading hours preparing for trial; that he had made three trips to

Whitesburg; that he had twenty-five to thirty discussions with his clients about their case; that he had spent from two to three days checking his clients' books; that he had taken the deposition of Mr. Baird, who had signed the contract for the appellants, and had made and received innumerable telephone calls about the case; that he had advised his clients against a cash settlement which had been recommended to them by other lawyers; and that he had been concerned throughout as to whether his clients' course of conduct had, in legal effect, amounted to a ratification of the contract which, it was his contention, his clients had not authorized Mr. Baird to sign. He also declared that he had sent a bill for $2,500 for his services after informing his clients that the services were worth more, and gave as his reason therefor the long and friendly association he had had with them.

Three members of the Fayette County bar said they thought a charge from $5,000 to ten per cent of the total amount involved would have been reasonable. It also was shown that the partnership of the appellants was in process of dissolution, and it was implied that that was one of the reasons the fee was not paid. It is the appellants' contention that the fee and judgment are unreasonable because only six to seven thousand dollars were involved.

The jury saw and heard the witnesses and awarded Mr. Johnson a verdict $500 in excess of his original bill as well as directing a refund of his expenses. Its verdict was supported by the testimony, and we find no error in the instructions of the court. Mr. Johnson was not limited to the $2,500, for which he originally billed his clients, and no instruction was offered to that effect by the appellants, so it cannot be raised in this court. Stanley's Instructions to Juries, Section 8. The calculation of charges for legal service is not a precise business in litigation of this nature, and juries usually are not inclined to be generous in their estimates. As a consequence, we cannot agree with the appellants in their contention that the verdict and judgment are excessive.

The judgment is affirmed.